■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO ROSADO, Appellant. [842 NYS2d 20]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J., at suppression hearing; Charles Tejada, J., at jury trial and sentence), rendered September 9, 2005, convicting defendant of kidnapping in the second degree, robbery in the first degree (two counts), and robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 14 years, unanimously affirmed.

The court properly denied defendant's suppression motion. The lineup was not unduly suggestive, because the differences between defendant and the other participants were not so pronounced as to single defendant out for identification (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). The record does not support defendant's claim that the lineup witnesses were able to see bruises on defendant's face. Defendant's argument that the lineup was unfair in that the perpetrator had been described as wearing a red shirt, and defendant wore a red shirt at the lineup, is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it because there was another lineup participant wearing a red shirt and because there was nothing particularly distinctive or significant about the red shirt mentioned in the description.

Since defendant's only specific objection to the prosecutor's opening statement was that the prosecutor was "reading" the indictment, he did not preserve his present complaint that the prosecutor used language implying that the jury should draw an improper inference of guilt from the fact that defendant had been indicted by a grand jury. We decline to review this argument in the interest of justice. Were we to review it, we would find that the court's instructions on the meaning of an indictment were sufficient to prevent any prejudice (*see People v James*, 197 AD2d 429 [1993], *lv denied* 83 NY2d 806 [1994]).

Defendant's challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. Were we to review them, we would find them without merit.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Saxe, Friedman, Gonzalez and McGuire, JJ.